IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE RITZ HOTEL, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHEN MANUFACTURING CO., INC. | : | 05-4730 |

MEMORANDUM AND ORDER

**NORMA L. SHAPIRO, S.J.**                                                              **MARCH 9, 2009**

Plaintiff The Ritz Hotel, Ltd. ("RHL"), filed for declaratory relief against Shen Manufacturing Co., Inc. ("Shen"). Shen filed counterclaims against RHL under §§ 14, 32, 35, and 38 of the Lanham Trade-Mark Act ("Lanham Act"), 15 U.S.C. §§ 1064, 1114, 1117, and 1120. Shen also filed supplemental state-law claims for fraud and trademark violations. The court will grant RHL's motion for partial summary judgment to dismiss count III of Shen's counterclaim, under § 38 of the Lanham Act, 15 U.S.C. § 1120, for damages resulting from RHL's alleged fraudulent registration of five trademarks with the United States Patent and Trademark Office ("PTO").

I.   FACTUAL STATEMENT AND PROCEDURAL HISTORY

Plaintiff Ritz Hotel Limited, a United Kingdom corporation with its principal place of business in Paris, France, ("RHL") filed[1] for declaratory judgment that its marketing and sale of products under the name "RITZ" and its trademarks RITZ PARIS, RITZ PARIS and Design,

---

[1]RHL filed its complaint in the Southern District of New York on January 7, 2005. The action was ordered transferred to the Eastern District of Pennsylvania on August 22, 2005. See Ritz Hotel, Ltd. v. Shen Mfg. Co., 384 F. Supp. 2d 678, 684-85 (S.D.N.Y. 2005). Judge Cederbaum's opinion also contains a much more detailed statement of this action's factual background. Id. at 679-81.

RITZ HOTEL, RITZ ESCOFFIER, THE RITZ KIDS and other variations did not infringe upon or otherwise violate the trademarks of defendant Shen Manufacturing Co. ("Shen"). RHL contended that it was the owner of at least eighteen[2] valid trademark registrations for the sale of products ranging from personal care and gourmet food to home wares and decorative items. Pl.'s Complaint, ¶ 12.

Shen, a Pennsylvania corporation with its principal place of business in West Conshohocken, Pa., filed its original answer and counterclaim on September 16, 2005, and its amended answer and counterclaim on August 16, 2006. In its amended answer and counterclaim, Shen asserts that it is the holder of numerous registered and common law trademarks containing the word "RITZ", including RITZ, RITZ PRO SERIES, RITZ STERLING, RITZ SUPREME, RITZ ROYALE, and RITZ CLASSICS. Def.'s First Amended Counterclaim, ¶ 9. Shen contends that RHL has illegally sold millions of dollars worth of products under the name RITZ.

Count I of Shen's counterclaim, under § 14 of the Lanham Act, 15 U.S.C. § 1064, seeks cancellation of nineteen of RHL's registered trademarks as either abandoned or fraudulently acquired. Count II, under Pennsylvania common law, is for Shen's injury resulting from fraud allegedly committed by RHL in its acquisition and use of five trademarks. Count III, under § 38 of the Lanham Act, 15 U.S.C. § 1120, is for damages resulting from the use of the same five trademark registrations at issue in count II because of allegedly fraudulent or false declarations made by RHL to the United States Patent and Trademark Office ("PTO") during trademark

---

[2]RHL has since abandoned four of those trademarks. See Order of December 19, 2008 (paper no. 77).

applications. Count IV, under § 32 of the Lanham Act, 15 U.S.C. § 1114, is for alleged infringement of trademarks of Shen. Count V, under § 43 of the Lanham Act, 15 U.S.C. § 1125(a), is for infringement of common-law trademarks of Shen. Count VI alleges trademark infringement under Pennsylvania law.[3]

Presently before the court is RHL's motion for partial summary judgment on amended counterclaim Count III. Three of RHL's trademark registrations are at issue in count III: 1,980,522–RITZ for cutlery ("the '522 mark"); 2,669,712–RITZ ESCOFFIER for food products ("the '712 mark"); and 2,788,043–RITZ PARIS for cosmetics ("the '043 mark").[4] The PTO issued the '522 mark on June 18, 1996 and RHL filed an affidavit of continued use in June, 2002. The PTO issued the '712 mark on December 31, 2002, and the '043 mark on December 3, 2003.

## II. DISCUSSION

In count III, under § 38 of the Lanham Act, 15 U.S.C. § 1120, Shen seeks to recover damages resulting from alleged fraud or falsity in RHL's applications for the '522, '712, and '043 marks. Shen claims damages including but not limited to the lost profits resulting from its inability to partner with Calphalon to market its own Ritz-branded cookware. Shen also seeks to recover attorneys' fees and costs for contesting the alleged fraudulent registrations, as well as punitive damages.

---

[3]The Court's order of December 19, 2008, severed and stayed amended counterclaim Counts II and VI.

[4]Shen's amended counterclaim originally listed five allegedly fraudulent registrations at issue in counts II and III. However, two of those trademarks, nos. 2,728,529 (RITZ PARIS with crest design for fabrics) and 2,895,080 (RITZ PARIS for linoleum and wall coverings), were among the four registrations which RHL voluntarily abandoned. See n.2, supra. The court will deny as moot RHL's motion for partial summary judgment on Shen's § 38 counterclaim as to these two registrations.

RHL moves for partial summary judgment on counterclaim count III on three grounds: first, attorneys' fees and punitive damages are unavailable; second, the claims, sounding in fraud are not plead with sufficient specificity; third, the counterclaims were not filed within the applicable statute of limitations.

A motion for summary judgment is granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of proving there is no genuine issue of material fact. <u>Matsushita v. Elec. Indus. Co., Ltd. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586 n. 10 (1986); <u>Ideal Dairy Farms, Inc. v. John Labatt, Ltd.</u>, 90 F.3d 737, 743 (3d Cir. 1996). Failure to file within the applicable statute of limitations is sufficient grounds for summary judgment absent a dispute of material fact about the date of injury. See <u>Hanna v. U. S. Veterans' Administration Hospital</u>, 514 F.2d 1092, 1094-95 (3rd Cir. 1975).

      a.    **The Lanham Trademark Act**

The Lanham Act, 15 U.S.C. §§ 1051 et seq., provides for both primary and secondary trademark registers, as well as procedures applicants must follow to have a trademark registered. Section 1 of the Lanham Act, 15 U.S.C. § 1051, provides the procedure for a domestic application to the primary trademark register. A § 1 applicant must have its mark already "in use in commerce," or state a "bona fide intention to use in commerce" followed by a demonstration of actual use in commerce within six months after the PTO registers the trademark. 15 U.S.C. § 1051(a)(3)(C), (b)(2), (d).

The Lanham Act also allows a foreign applicant with a recently-issued trademark in its

home country to seek reciprocal trademark protection in the United States in anticipation of entering products into United States commerce. Section 44 of the Lanham Act grants a foreign applicant (such as RHL), "whose country of origin is a party to any convention or treaty relating to trademarks, trade or commercial names, or the repression of unfair competition, to which the United States is also a party, or extends reciprocal rights to nationals of the United States by law," an automatic registration of its trademark, provided the PTO receives the application within six months of the issuance of the foreign trademark registration. 15 U.S.C. § 1126(b),(d)(1). A foreign applicant under § 44 need only state "a bona fide intention to use the mark in commerce" without a demonstration of actual use within six months. 15 U.S.C. § 1126(d)(2).

     A trademark registration is valid for ten years. Section 8 of the Lanham Act, 15 U.S.C. § 1058(a). In order to maintain its initial registration, a registrant must issue an affidavit to the PTO during the one-year period before "the end of 6 years following the date of registration" demonstrating that the mark is still in commercial use or explaining why the mark is not in commercial use. 15 U.S.C. § 1058(b). A registrant's failure to file an affidavit of continued use leaves its trademark vulnerable to a third party's action for cancellation. See Lipton Industries, Inc. v. Ralston Purina Co,, 670 F.2d 1024, 1029-30 (C.C.P.A. 1982).

     Section 38 of the Lanham Act, 15 U.S.C. § 1120, states: "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof." Unlike trademark enforcement actions for damages resulting from trademark violations, a § 38 action is for

damages resulting from the PTO's registration of a trademark unlawfully obtained. The tort giving rise to liability under § 38 is the actual falsity or fraud perpetrated on the PTO. See Landstrom v. Thorpe, 189 F.2d 46, 50-51 (8th Cir. 1951).

### b. The statute of limitations for claims brought under § 38 of the Lanham Act

"The Lanham Act contains no express statute of limitations and the general rule is that when a federal statute provides no limitations for suits, the court must look to the state statute of limitations for analogous types of actions. A claim for fraud under the Lanham Act conforms to this general rule." Beauty Time, Inc. v. VU Skin Systems, Inc., 118 F.3d 140, 143 (3rd Cir. 1997) (citations omitted).

The state statute of limitations governing count III of the counterclaim, depends on whether count III is compulsory or permissive. Fed. R. Civ. Pro. 13(a) states: "A pleading must state as a counterclaim any claim that . . . the pleader has against an opposing party if the claim . . . arises out of the transaction or occurrence that is the subject matter of the opposing claim. . . ." A counterclaim is compulsory where there exists a "logical relationship" with the opposing party's claim, so that separate trials "would involve substantial duplication of effort and time by the parties and the courts," i.e., when the claims involve the same legal or factual issues. Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc., 292 F.3d 384, 389-90 (3rd Cir. 2002) (citations omitted). If an action is transferred under 28 U.S.C. § 1404(a), the statute of limitations applicable in the forum where a complaint is filed governs not only the complaint but also compulsory counterclaims filed subsequent to transfer. See De Puy Inc. v.

Biomedical Engineering Trust, 216 F. Supp. 2d 358, 382 (D.N.J. 2001).[5]

All counterclaims which are not compulsory are permissive. See Dinces v. Robbins, 604 F. Supp. 1021, 1027 (E.D. Pa. 1985). Permissive counterclaims under Fed. R. Civ. Pro. 13(b)[6] are separate actions being heard with an opposing party's complaint to serve judicial efficiency. See 6 Charles Alan Wight & Arthur R. Miller, Federal Practice & Procedure § 1420 (2d ed.). The Third Circuit has not ruled explicitly that permissive counterclaims filed after transfer of venue under 28 U.S.C. § 1404(a) are not decided under the law of the transferor forum. At least one other circuit has pointed out that for purposes of tolling the statute of limitations, a permissible counterclaim does not "relate back" to the events underlying an opposing party's claim. See Sea-Land Service, Inc. v. R.V. D'Alfonso Co., Inc., 727 F.2d 1, 5 (1st Cir. 1984). That a permissible counterclaim does not "relate back" means, by definition, that it was filed independently of the opposing claim and not in direct response. A permissive counterclaim filed even after transfer under § 1404(a) should therefore be decided under the same governing law as would apply had it been filed ab initio in the transferee forum.

RHL's claim is for a declaration that its trademarks and business activities in the United States do not infringe on Shen's trademarks, and amended counterclaim counts IV through VI, for trademark infringement under federal and state law, are clearly compulsory. Count III, for

---

[5] De Puy does not explicitly limit its holding, that counterclaims are governed by the choice of law rules of the transferor state even if filed after transfer, to compulsory counterclaims. However, the counterclaim for breach of contract in response to the opposing party's filing for a declaratory judgment that it was not in breach was clearly compulsory. See Du Puy, 216 F. Supp. 2d at 382.

[6] Fed. R. Civ. Pro. 13(b) states: "A pleading may state as a counterclaim against an opposing party any claim that is not compulsory."

damages resulting from RHL's alleged false or fraudulent statements made to the PTO while procuring certain registrations, is permissive.  The issues in resolving Shen's counterclaim for damages for fraudulent procurement relate entirely to whether the registrations were issued by the PTO in reliance on false or fraudulent representations, and what if any damages Shen suffered as a result.  Whether RHL infringed Shen's trademarks is not the same legal or factual issue.  Because counterclaim count III is permissive, Pennsylvania choice of law principles determine the applicable statute of limitations.

> Pennsylvania's choice of law rule in a tort action is:
>
> Under principles of comity, the rights and liabilities of the parties with respect to a tort action are determined by the law of the state which has the most significant relationship to the occurrence and the parties.  The following contacts, which are to be applied qualitatively rather than quantitatively under the case law, that are taken into account in determining which state law applies: the place where the injury occurred; the place where the conduct causing the injury occurred; the domicile, residence, nationality, place of incorporation, and place of business of the parties; and the place where the relationship between the parties is centered.

Laconis v. Burlington County Bridge Com'n,  583 A.2d 1218, 1222-23 (Pa. Super. 1990) (citations omitted).

The law of two states could be determinative:  Pennsylvania, where Shen is domiciled, and Virginia, where the PTO is located and where RHL's alleged fraudulent conduct occurred.  Both Pennsylvania and Virginia have a two year statute of limitations for fraud, i.e. two years after the fraud could or should have been discovered through reasonable diligence.  42 Pa. C.S.A. § 5524(7); see Pocono International Raceway, Inc. v. Pocono Produce, Inc., 468 A.2d 468, 471-72 (Pa. 1983); Va. Code Ann. § 8.01-243 subs. A.; Va. Code Ann. § 8.01-249.  Pennsylvania and Virginia law agree as to the statute of limitations for fraud claims; the court will apply

Pennsylvania law. [cite] Section 22 of the Lanham Act provides that, "Registration of a mark on the principal register . . . shall be constructive notice of the registrant's claim of ownership thereof." 15 U.S.C. § 1072.

- **The '712 Mark**

RHL registered the '712 mark on December 31, 2002. A timely claim under § 38 for the registrants false or fraudulent declarations could have been filed on or before January 2, 2005. Shen did not file its original counterclaim as to this mark until September 16, 2005. This claim is barred by the statute of limitations.

- **The '043 Mark**

RHL registered the '043 mark on December 3, 2003 after applying as a foreign registrant under § 44 of the Lanham Act, 15 U.S.C. § 1126. Shen argues that § 22's constructive notice provision does not apply to a § 44 registration by a foreign applicant because a § 44 registration does not require actual use in U.S. commerce at the time of application or within six months, as does an application under § 1.

The court's primary concern when interpreting statutes is "to give effect to Congress's intent." Disabled in Action of Pennsylvania v. Southeast Pennsylvania Transp. Auth., 539 F.3d 199, 210 (3rd Cir. 2008). "We assume that Congress expresses its intent through the ordinary meaning of its language and therefore begin with an examination of the plain language of the statute. If the language is unambiguous, our inquiry is at an end." Id.

Section 22 does not distinguish between a domestic registration under § 1 and a foreign registration under § 44. Section 44 allows a would-be registrant to apply for trademark protection with a "bona-fide intention to use" without meeting § 1(b)'s requirement that the

registrant demonstrate actual use within six months following registration.  Sections 1 and 44 were amended simultaneously in 1988 to allow an application to the PTO for trademark registration with a bona fide intention to use, Pub. L. 100-667, §§ 103, 133, 102 Stat. 3935, 3946 (1988); this suggests a Congressional intent that a § 1(b) and § 44 registration function equally except when otherwise provided.[7]

The constructive notice provision of § 22 applies to a § 44 registration such as the '043 mark.  Accordingly, Shen could have filed its § 38 claim against the '043 mark on or before December 3, 2005; since it filed on August 16, 2006, the claim is time-barred.

- **The '522 Mark**

RHL registered the '522 mark on June 18, 1996, and filed an affidavit of continued use to maintain the registration in June, 2002, as required by § 8(b) of the Lanham Act, 15 U.S.C. § 1058(b).  Shen claims damages under § 38 from RHL's submission of a false or fraudulent affidavit of continued use to maintain the mark.

Section 22's constructive notice provision applies only to the original trademark registration.  Beauty Time, 118 F.3d at 148-50.  The June, 2002, affidavit of continued use was not constructive notice of asserted ownership of the '522 mark in calculating the timeliness of Shen's claim.  Shen was, however, on notice of RHL's claim of ownership of the '522 mark as of

---

[7] Shen argues that applying § 22's constructive notice provision to a § 44 registration makes it almost impossible to sue a foreign registrant under § 38; an intelligent foreign registrant could gain immunity from a § 38 claim by applying to the PTO under § 44 with a fraudulent affidavit of bona fide intention to use and keeping the mark out of US commerce long enough to have the fraud claim barred by the state-law statute of limitations.  However, the court will not invalidate § 38's statute of limitations with regard to a false or fraudulent § 44 registration without an explicit Congressional statement.

July 21, 2003, when RHL invoked the '522 mark's registration as a defense against claims brought by Shen; a timely claim by Shen based on a false or fraudulent declaration by RHL, could have been filed on or before July 21, 2005.  Shen did not file against the '522 mark until September 16, 2005; the counterclaim is time-barred by Pennsylvania's two-year statute of limitations on fraud claims.

### III.	CONCLUSION

RHL's motion for partial summary judgment on Count III of Shen's amended counterclaim, for damages under § 38 of the Lanham Act because of RHL's alleged fraudulent procurement of trademark registration nos. 1,980,522, 2,669,712, and 2,788,043, will be granted; Shen's claim under § 38 is time-barred as to all three registrations.  An appropriate order will issue.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE RITZ HOTEL, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHEN MANUFACTURING CO., INC. | : | 05-4730 |

## ORDER

AND NOW, this 9th day of March, 2009, upon submission of briefs by the parties and after a hearing at which counsel for both parties were present, it is **ORDERED:**

1.  The Ritz Hotel, Ltd.'s motion for partial summary judgment on Count III of Shen's amended counterclaim, under § 38 of the Lanham Act, 15 U.S.C. § 1120, is **GRANTED** as to trademark registration nos. 1,980,522 (RITZ for Cutlery), 2,669,712 (RITZ ESCOFFIER for food products), and 2,788,043 (RITZ PARIS for cosmetics).

2.  RHL's motion for partial summary judgment on Count III of Shen's amended counterclaim, under § 38 of the Lanham Act, is **DENIED AS MOOT** as to trademark registration nos. 2,728,529 (RITZ PARIS with crest design for fabrics) and 2,895,080 (RITZ PARIS for linoleum and wall coverings).

    /s/ Norma L. Shapiro
    Norma L. Shapiro, J.