IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| THE RITZ HOTEL, LTD. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| SHEN MANUFACTURING CO., INC. | : | 05-4730 |

MEMORANDUM

**NORMA L. SHAPIRO, S.J.**                                                                  APRIL 27th 2009

     Plaintiff The Ritz Hotel, Ltd. ("RHL"), filed for declaratory relief against Shen Manufacturing Co., Inc. ("Shen") for trademark infringement under the Lanham Trade-Mark Act ("Lanham Act"). Shen filed counterclaims against RHL for trademark infringement and fraud the Lanham Act together with supplemental state-law claims for fraud and trademark violations. Shen's Motion for Reconsideration of the court's grant of summary judgment on count III of Shen's amended counterclaim under § 38 of the Lanham Act, 15 U.S.C. § 1120, for use of a fraudulently procured trademark, will be granted in part and denied in part.

**I.    BACKGROUND**

     Count III of Shen's amended counterclaim, under § 38 of the Lanham Trademark Act ("Lanham Act"), 15 U.S.C. § 1120,[1] is for damages arising from RHL's alleged fraudulent procurement of five United States trademark registrations: 1,980,522–RITZ for cutlery ("the '522 mark"); 2,669,712–RITZ ESCOFFIER for food products ("the '712 mark"); 2,788,043–RITZ

---

[1] Section 38 provides: "Any person who shall procure registration in the Patent and Trademark Office of a mark by a false or fraudulent declaration or representation, oral or in writing, or by any false means, shall be liable in a civil action by any person injured thereby for any damages sustained in consequence thereof."

1

PARIS for cosmetics ("the '043 mark"); 2,728,529–RITZ PARIS with crest design for fabrics ("the '529 mark"); and 2,895,080–RITZ PARIS for linoleum and wall coverings ("the '080 mark").  The court's memorandum and order of March 9, 2009, (paper no.78) ("Memorandum") granted summary judgment on count III of Shen's amended counterclaim.  Shen's § 38 claims against the '522, '712, and '043 marks were found time-barred, and its claims against the '529 and '080 marks were held moot because RHL had voluntarily withdrawn those registrations.[2]  Before the court is Shen's timely motion for reconsideration of the denial of its § 38 claims.

## II.    MOTION FOR RECONSIDERATION

Reconsideration serves to correct manifest errors of law or fact.  <u>Harsco Corp. v. Zlotnicki</u>, 779 F.2d 906 (3rd Cir. 1985).  A court should grant a motion for reconsideration only if there is:  1) newly available evidence; 2) an intervening change in controlling law; or 3) a need to correct a clear error of fact or to prevent manifest injustice.  <u>Haymond v. Lundy</u>, 205 F. Supp. 2d 390, 395 (E.D. Pa. 2002).  "Motions for reconsideration are not to be used to reargue or relitigate matters already decided."  <u>Id</u>.

Shen asserts two material errors of fact in the Memorandum:  1) the court erroneously assumed that RHL's withdrawal of the '529 and '080 marks mooted Shen's § 38[3] claims regarding those registrations; and 2) the court failed to address Shen's claim under § 38 for damages resulting from RHL's allegedly fraudulent renewal of the § 522 mark in 2006.  Shen also asserts two material errors of law:  1) the court was wrong both as a matter of statutory

---

[2] The court's Order of December 19, 2008 (paper no. 77) acknowledged RHL's withdrawal of those registrations.

[3] All plain citations in this memorandum to a particular "§" or "section" refer to a provision in the Lanham Trademark Act.

interpretation and fairness in holding that under § 22, 15 U.S.C. § 1072,[4] the statute of limitations for a § 38 claim regarding an allegedly fraudulently procured registration runs from the day the PTO issues that registration, even when the registration was issued to a foreign registrant under § 44, 15 U.S.C. § 1126, solely on the basis of an intent to introduce the associated goods into United States commerce at a later date; and 2) the statute of limitations for a § 38 claim relating to an allegedly fraudulent procurement governed by Pennsylvania law was six years, not two.[5]

## III.   DISCUSSION

---

[4] Section 22 provides: "Registration of a mark on the principal register provided by this chapter . . . shall be constructive notice of the registrant's claim of ownership thereof."

[5] Shen also asserts three other minor errors of law in the Memorandum.
1) If an application under § 1(b) or § 44 is unopposed or the PTO overrules any opposition after its examination process, the PTO grants a "notice of allowance." Under § 1(d), an applicant under § 1(b) or § 44 must provide an affidavit of use within six months after being issued a notice of allowance. The PTO does not register the applied-for mark until the applicant can demonstrate use of the associated goods in United States commerce sufficient to satisfy the requirements of an application under § 1(a). Shen points out the court's error on page 4 of the Memorandum: that a § 1(b) applicant only has to "state a bona fide intention to use in commerce followed by a demonstration of actual use in commerce within six months after the PTO registers the trademark." The distinction between the PTO issuing a notice of allowance and the PTO issuing a registration, while significant, was not material to the Memorandum's ruling on the '712 and '043 marks, which relied upon § 22 to justify running the limitations period from the date the PTO issued those registrations.
2) On page 5, the Memorandum states that "[a] registrant's failure to file an affidavit of continued use leaves its trademark vulnerable to a third party's action for cancellation." This is true, but the PTO may also initiate cancellation proceedings sua sponte.
3) On page 5, the Memorandum states that § 44 grants a foreign applicant from certain countries "an automatic registration of its trademark, provided the PTO receives the application within six months of the issuance of the foreign trademark registration." 15 U.S.C. § 1126(b), (d)(1). The Trademark Manual of Examining Procedure (5th) § 1007 states that "Registration in a foreign country does not automatically insure eligibility for registration in the United States," and that § 44 registrations must meet all of the eligibility requirements that must be met by domestic registrants except for § 1 use requirements.
None of these misstatements of the PTO's procedures by the court were material to the court's decision.

**A.     Shen's § 38 Claim for Damages From the 2006 Renewal of the '522 Mark**

The Memorandum dismissed Shen's § 38 claim regarding the '522 mark as time-barred without addressing damages Shen claims from RHL's allegedly fraudulent renewal of the '522 mark in 2006.  Shen is correct that "procure[ment]" within § 38 includes maintaining a registration under § 8, 15 U.S.C. § 1058, or renewing a registration for another 10-year period under § 9, 15 U.S.C. § 1059; the '522 mark's renewal in 2006 could give rise to a viable § 38 claim if the United States Patent and Trademark Office ("PTO") had renewed the registration as a result of a false or fraudulent § 9 filing by RHL.

However, Shen's § 38 claims remain insufficient for lack of recoverable damages. Litigation costs and attorneys' fees are not available as damages under § 38.  There is no precedent on point in the Third Circuit, but every other circuit that has addressed the issue has denied that § 38 allows an award of litigation costs and attorneys' fees as part of recoverable damages.  Exxon Corp. v. Exxene Corp., 696 F.2d 544, 550-51 (7th Cir. 1982); Wrist-Rocket Mfg. Co., Inc. v. Saunders Archery Co., 578 F.2d 727, 734 (8th Cir. 1978); Blue Bell, Inc. v. Jaymar-Ruby, Inc., 497 F.2d 433, 439 (2nd Cir. 1974).[6]

The only other damages Shen pleaded in its § 38 claims stem from its alleged inability to

---

[6]Shen cites Money Store v. Harriscorp Finance, Inc., 1981 WL 48153 (N.D. Ill. March 25, 1981) in support of the proposition that § 38 awards can include costs and fees.  Even if this court viewed Money Store as anything more than persuasive, the 7th Circuit's subsequent decision in Exxon Corp. effectively overturned Money Store on this point.

Shen also contends that attorney fees should be available as a matter of equity on the facts underlying its § 38 claim.  See Blue Bell, 497 F.2d at 439.  The "American rule" has ordinarily been not to award attorneys' fees as part of a damage award.  Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240, 247 (1975).  This court is reluctant to award costs and fees without express statutory authorization in a field where Congress has expressly provided for the recovery of costs and fees elsewhere, e.g., infringement of registered trademarks under § 35, 15 U.S.C. § 1117.

obtain a RITZ trademark registration for cookware and the consequent loss of projected revenue from not being able to market RITZ-branded cookware. This injury is too speculative for an award of damages in a fraud claim. See Steamfitters Local Union No. 420 Welfare Fund v. Philip Morris, Inc., 171 F.3d 912, 935 (3rd Cir. 1999); Crawford v. Pituch, 84 A.2d 204, 207 (Pa. 1951) ("The damages recoverable are only such as can be said to have been the immediate and proximate consequences of the deceit practiced upon the plaintiffs.")

The court wrongfully dismissed Shen's § 38 claim regarding the '522 mark as entirely time-barred; Shen's claim concerning RHL's 2006 renewal of the mark was timely. However, the error was not material as Shen has neither pleaded nor proven any damages available under § 38.

**B.    Section 22 and Constructive Notice**

Shen argues that § 22 only provides constructive notice of ownership of a registration, not fraudulent submissions to the PTO. Section 22, on its face, only addresses constructive "ownership." Shen is presumed to have known RHL owned the '712 and '043 marks from the moment they were issued, on December 31, 2002 and December 3, 2003, respectively,[7] and was on constructive notice of the allegedly fraudulent procurement.

Application of § 22's constructive notice provision makes it extremely difficult to file

---

[7]The court does not need to decide whether § 22's constructive notice provision applies to § 38 claims arising from the allegedly fraudulent maintenance or renewal of trademark registrations under §§ 8 or 9, respectively. The court stands by its ruling in the Memorandum that Shen effectively discovered RHL's ownership and hence alleged fraudulent procurement, of the '522 mark no later than July 21, 2003.
See section III.D, infra, for a discussion of the '529 and '080 marks.

timely § 38 claims against registrations filed under §§ 1(b) and 44,[8] but changing the law is the prerogative of Congress, not this court.  There is no other reason to reconsider the holding that under § 22, the statute of limitations for a § 38 claim regarding an allegedly fraudulently procured registration runs from the date of the registration.

        C.        The Two-Year Statute of Limitations for Shen's § 38 Claims

The Lanham Act contains no express statute of limitations and the general rule is that when a federal statute provides no limitations, the court looks to the state statute of limitations for an analogous action. A claim for fraud under the Lanham Act conforms to this general rule. Beauty Time, Inc. v. VU Skin Systems, Inc., 118 F.3d 140, 143 (3rd Cir. 1997) (citations omitted).  The Memorandum held Pennsylvania's common law fraud claim the closest analogue to Shen's § 38 claims and applied Pennsylvania's two-year statute of limitations for fraud claims, 42 Pa. C.S.A. § 5524(7), to dismiss Shen's § 38 claims as time-barred.

Shen asserts that the court should have applied Pennsylvania's six-year catch-all statute of limitations, 42 Pa. C.S.A. § 5527, to its § 38 claims instead of Pennsylvania's two-year statutory period.  See Santana Products, Inc. v. Bobrick Washroom Equipment, Inc., 401 F.3d 123, 135, (3rd Cir. 2005) (applying Pennsylvania's six-year limitations statute, not its two-year limitations statute, to a false advertising claim under § 43(a), 15 U.S.C. § 1125).

Santana, distinguishing claims under § 43(a) from claims under § 38, acknowledges and does not disapprove the earlier decision in Beauty Time, applying Pennsylvania's two-year limitations period to § 38 claims for fraudulent procurement.  Santana, 401 F.3d at 137.  Shen does not dispute that if its § 38 claim were for "fraudulent" procurement, it would be bound by

---

[8]See Memorandum, p. 10, n.7.

Pennsylvania's two-year limitations period, but argues that its § 38 claims are for "false," not "fraudulent" procurement, and classic fraud is not the appropriate analogous state law claim. Shen claims that § 38, with its emphasis on "false or fraudulent declaration or representation," does not always require scienter. So, under Santana, common-law fraud should not be the analogue for a § 38 claim when proof of scienter is not required.

Shen's attempt to recast its § 38 claim as anything other than a claim for "fraudulent" procurement is unconvincing: 1) ¶ 82 of Shen's amended counterclaim alleges plaintiff's use of "fraudulently obtained registrations"; 2) ¶ 83 refers three times to RHL's RITZ, RITZ ESCOFFIER, and RITZ PARIS registrations as "fraudulently obtained"; and 3) ¶ 84 states that RHL's "actions were undertaken willfully and maliciously, with intent to harm Shen, or with reckless disregard of Shen's rights, justifying the imposition of punitive damages." Section 38 provides that liability does not attach unless the PTO issues, maintains, or renews a registration as the result of a submission which was false or fraudulent at the time it was made. However, an application under § 1(b) or 44 would only become false in retrospect months or years after the PTO acted when the associated goods fail to materialize.

Shen's claim under § 38 clearly sounds in fraud; Pennsylvania's claim for common law fraud, with its two-year statute of limitations, is the closest state-law analogue to § 38.

D.   **Shen's § 38 Claims Regarding the '529 and '080 Marks**

The court erroneously deemed Shen's § 38 claims regarding the '529 and '080 marks moot after RHL voluntarily withdrew those registrations. However, even if neither of these claims were time-barred, Shen has not pleaded damages under these registrations which are more than speculative. Litigation costs and attorneys' fees are not available as damages under § 38.

7

The claims were not moot but RHL's Motion for Partial Summary Judgment should have been granted on Shen's § 38 claims regarding the '529 and '080 marks.

## IV.     CONCLUSION

Shen's Motion for Reconsideration of the court's order of March 9, 2009 (paper no. 78), will be granted with respect to the court's denial of summary judgment on Shen'§ 38 claims regarding RHL's trademark registration nos. 2,728,529–RITZ PARIS with crest design for fabrics and 2,895,080–RITZ PARIS for linoleum and wall coverings as moot.  The court will grant RHL's Motion for Partial Summary Judgment on count III of Shen's amended counterclaim with regard to those marks.  Shen's Motion for Reconsideration will otherwise be denied.

The court's order of March 9, 2009, effectively removed the entirety of Count III of Shen's amended counterclaims from the list of claims in this litigation remaining for trial; this ruling remains unaltered.  An appropriate order will issue.